IDA LeCLAIR,

Otherwise known as Ida LeClaier, Petitioner,

*vs.*

T. HERBERT WHITE, Sheriff.

Penobscot.　Opinion August 28, 1918.

*Habeas corpus.　Sentence in criminal cases.　Rule as to what constitutes the actual punishment and what is incidental thereto.　Rule as to jurisdiction of court where Statute calls for imprisonment for one year.*

The Fifth Amendment to the Constitution of the United States does not apply to the courts of the several States.

A statute which authorizes punishment for the commission of crime by fine within the inclusive limitations of one hundred dollars and five hundred dollars, plus costs of prosecution, and imprisonment for not less than two months nor more than six months, with supplementary imprisonment, in the event of omission of payment of the fine and costs, for six months more, neither purports to empower the infliction of the equivalent of sentence to absolute imprisonment for one year nor denominates the crime infamous within the meaning of the Constitution of Maine.

It is competent for the Legislature to invest municipal and other subordinate courts with jurisdiction to try and punish offenders against the statute.　Such statute is not inconsistent with the interdiction of the Fourteenth Article of Amendment to the Constitution of the United States in respect of due process of law and the equal protection of the laws.

Petition for writ of habeas corpus, to obtain the release of the petitioner from the jail in the County of Penobscot.　Upon hearing, the petition was dismissed; to which ruling exceptions were filed. Exceptions overruled.

Case stated in opinion.

*Thomas F. Gallagher, and O'Connor & Conquest,* for petitioner.

*Albert L. Blanchard,* County Attorney, for defendant.

SITTING: BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

DUNN, J. A statute forbids any person to deposit intoxicating liquor, or to have it in his possession, with intent on his part to sell it in this State in violation of law. The penalty is a fine within the inclusive limitations of one hundred dollars and five hundred dollars, plus costs of prosecution, and imprisonment for not less than two months nor more than six months, with supplementary imprisonment, in the event of omission of payment of the fine and costs, for six months more. R. S., Chap. 127, Sec. 27, as amended by Laws of 1917, Chap. 291. Municipal and other subordinate courts have jurisdiction, original and concurrent with the supreme judicial and superior courts, to try and punish offenders. R. S., Chap. 127, Sec. 40.

On the thirty-first day of December in the year of one thousand nine hundred and seventeen, on proceedings instituted against her by written complaint, Ida LeClair, of Bangor, was convicted in the municipal court in that city of violation of the legislative enactment. She was sentenced to pay a fine of two hundred dollars and costs, to be imprisoned in the county jail for the term of sixty days, and, should she default payment of the fine and costs, to be imprisoned as aforesaid for six months additionally. This sentence was vacated by appeal. For non-compliance with an order of the court of first instance to recognize for the prosecution of her appeal before the appellate tribunal, and to abide its judgment thereon, the respondent was committed to jail. In April, 1918, at a Penobscot session of this court, she petitioned for writ of habeas corpus, which petition was denied. In argument of exceptions the petitioner contends, that the punishment provided for violation of the statute on which the proceedings against her were founded, authorizes the equivalent of sentence to absolute imprisonment for one year; and forasmuch as the Legislature has commanded, subject to an exception unnecessary to be particularly stated here, that all imprisonments for one year or more shall be executed in the state prison (R. S., Chap. 137, Sec. 3), therefore the transgression whereof she was accused is a felony (R. S., Chap. 133, Sec. 11). Expressed somewhat differently, she insists that, within the meaning of the fifth of the amendments to the Constitution of the United States, and of a similar provision in the Declaration of Rights in the Constitution of the State of Maine

(Con. of Maine, Art. I, Sec. 7), the crime charged against her is an infamous one for which she should be held to answer on presentment or indictment of a grand jury, and not otherwise.

The assignment of inconsistency with the provision of the Fifth Amendment to the Constitution of the United States is based on a misapprehension. That amendment is obligatory only on the Federal government, and does not apply to the courts of the several States. *Hunter* v. *City of Pittsburgh*, 207 U. S., 161; *Brown* v. *New Jersey*, 175 U. S., 172; *Capital City Drug Company* v. *Ohio*, 183 U. S., 238; *Ohio* v. *Dollison*, 194 U. S., 445.

On this branch of the case, the crucial query is: whether, in view of the guaranty of the supreme organic law of the State of Maine, the prosecution should have been begun by or before a grand jury instead of by complaint to the municipal court. The liability to punishment upon conviction for the commission of crime, rather than the punishment actually inflicted, is the criterion which, as a general rule, renders the offender infamous at common law. *Butler* v. *Wentworth*, 84 Maine, 25. Is the crime, measured by the standard of liability to punishment for its commission, an infamous one? Was the petitioner accused of misconduct for which the statute empowers the court to impose a sentence to be fulfilled in no other manner than by the incarceration of the convict in a penal institution for one year? If the answer shall be in the affirmative, then no court had jurisdiction to try and punish her, unless upon presentment or indictment by a grand jury. It is easy to discern, that if a criminal were sentenced to the maximum term of imprisonment, and, that punishment endured, he should be detained in jail six months beyond, for failure to pay his fine, he would be debarred from personal liberty for one whole year. But no judge in any court prerogative has to say, when he pronounces sentence in such case, that the culprit shall stay one year in jail or prison, unconditionally, positively, and absolutely. There is the test. Detention of a condemned person in jail for failure to pay a fine is only a means provided for the enforcement of the pecuniary penalty imposed by the sentence. Actual payment of the fine itself is the punishment. Imprisonment for default of payment is a mere incident of the fine. It is within the common law authority of the court to order a sentenced respondent to stand committed pending payment of an imposed fine. The statute fixes the duration of such imprisonment. This "imprisonment" is not a part of the punishment by

imprisonment authorized as a penalty for the commission of the crime. Payment of the fine, and imprisonment for not paying it, cannot exist at the same time. . Of his own elective preference the convict may remain in jail for non-payment of the fine. In effect the statute is, that if the malefactor fails or neglects to pay the fine and costs, then, after the expiration of the sentence to unconditional imprisonment, he shall continue imprisoned until payment shall be made, but not longer than six months, when he shall go quit. . He can sooner discharge himself by paying the fine. At the expiration of the sentence to absolute imprisonment, which at most cannot be prolonged more than six months, if the convict shall have paid, or if at any time within six months afterwards he shall pay, the fine and costs, he will find the prison door ready to swing open to his touch. So, the answer is obvious. The crime is not an infamous one. The statute does not presume to authorize unconditional imprisonment for the term of one year.

Nor is the statute, as the petitioner further claims, inconsistent with the interdiction of those clauses of the Fourteenth Article of Amendment to the Constitution of the United States which are in these words:

"Nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

"Due process of law," as that expression is used in the Fourteenth Amendment, does not necessarily require that a State shall prosecute even for felony by presentment or indictment of a grand jury. *Hurtado* v. *California,* 110 U. S., 516. Those words shield the citizen's rights to life, liberty, and property from the exercise of arbitrary governmental power, but do not restrict the State to any particular · mode of procedure. They afford protection which the proceedings against the present petitioner fully respected. The statute which creates the offense, and provides for the prosecution of offenders and their punishment, derives its authority from the reserved powers of the State, and violates none of the fundamental elements of liberty and justice which underlie our civil and political institutions. With reasonable certainty it defines what shall constitute infraction of the law. The nature and cause of the accusation against the petitioner as a respondent appear to have been effectively set forth in due form; the respondent had notice thereof, and knew for what she was to be

tried. Adequate opportunity was afforded for her hearing and defense. Her trial proceeded in accordance with recognized procedure, agreeably to the rules of evidence. She was convicted by the decision of a competent court, and sentenced to a punishment sanctioned by law. Law, regularly administered through courts of justice, is due process, and satisfies the constitutional requisition. 2 Kent Com., 13; *Hurtado* v. *California*, supra; *Frank* v. *Mangum*, 237 U. S., 309-326.

The statute is not arbitrary. It is not partial. It deals to each his proper share, and fits alike the case of every person within the extent · of its authority, who, since the enactment, has violated or may violate its inhibitions. It does not deny to any person within its jurisdiction the equal protection of the laws. *Tinsley* v. *Anderson*, 171 U. S., 101.

The petitioner took nothing by her exceptions.

*Exceptions overruled.*