No. 80.   KEENAN v. BURKE, WARDEN;
No. 81.   JANKOWSKI v. BURKE, WARDEN; and
No. 82.   FOULKE v. BURKE, WARDEN.

Argued November 5, 1951.   Decided November 26, 1951.   *Per Curiam:* The judgments are reversed.   *Townsend* v. *Burke,* 334 U. S. 736.   Dissenting memorandum filed by MR. JUSTICE MINTON.   *Archibald Cox,* acting under appointment by the Court, argued the cause and filed a brief for petitioners.   *James W. Tracey, Jr.* and *John H. Maurer* submitted on brief for respondent.

Memorandum by MR. JUSTICE MINTON, dissenting.

These cases only illuminate the error of this Court in *Townsend* v. *Burke,* 334 U. S. 736.   I would not compound the error.   I would overrule *Townsend* rather than send these petitioners back to be proceeded against nicely.   Their guilt is not questioned.   They say, "If we had only had a lawyer, *maybe* we would not have received such long sentences."   Yet, the sentencing judge gave two of the petitioners much shorter terms than the maximum provided by statute.   They complain not so much of the sentences they received but the manner in which they received them.

Admit the sentencing judge was facetious, even that he bulldozed the petitioners—he sentenced them all within the limits authorized by law.   Maybe the judge's conduct called for a curtain lecture.   At most, that was a matter for the Pennsylvania Supreme Court, and that court did not see even an error of state law in the judge's conduct, let alone a federal constitutional question.   We sit only to determine federal constitutional questions, not to scold state trial judges.   It is utterly incomprehensible to me how a judge can commit a denial of federal due

process by being facetious in the sentencing of defendants where the sentences he imposes are within the limits prescribed by statute. I would affirm.