■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT JAMES NORTHROP, Appellant.— AULISI, J. Appeal from an order of the County Court of Otsego County, entered July 3, 1967, dismissing a *coram nobis* petition after a hearing. Defendant applied for a writ of error *coram nobis* alleging that at the time of his arraignment and plea on March 15, 1965, and also at the time of sentencing on March 29, 1965, he was in a state of stupefaction and therefore unable to understand the proceedings or the consequences of his acts because of the administration of drugs, medication and/or sedations prescribed by the jail physician. The answering affidavits included one by the Sheriff with a schedule attached showing defendant received certain medications including laxatives, aspirin and phenobarbital. After a denial of the writ, we remitted for a hearing (27 A D 2d 874). At the hearing, defendant testified that he remembered some of the court happenings on the dates in question, but not others. He stated that he ate the regular jail diet, but irregularly. The phenobarbital, he claimed, made him drowsy and sleepy about 45 minutes to an hour after he took it and this condition lasted approximately two hours. The medication schedule shows one tablet of 30 milligrams of phenobarbital was given to defendant at 6:00 A.M. and 9:00 A.M. on March 15, 1965, although usually a maximum of one tablet was given in the morning and one at 9:00 P.M. Defendant did not recall taking any as early as 6:00 A.M. at any time and he did not recall getting a pill in the morning of March 29, 1965, the day he was sentenced. The schedule shows he received only one that day at 9:00 P.M. The jail physician who prescribed the medication stated that the dosage was minimal and would reduce nervousness, but not cause sedation which required 100 to 200 milligrams. Although defendant was taking phenobarbital, there is absolutely nothing in the record to indicate that he did not know what was taking place and the consequences during the court appearances in question. Defendant also contended that he told his assigned counsel he wished to plead not guilty. This was denied by the attorney. He now contends that such testimony by the attorney was error because it was privileged. It is clear that defendant opened the door to this testimony and cannot subsequently complain about it. In any event, even disregarding the attorney's entire testimony and leaving defendant's allegation unrefuted, the record fully substantiates the trial court's decision. (See *People* v. *Nickerson*, 1 A D 2d 763, affd. 1 N Y 2d 815, cert. den. 352 U. S. 900.) Order affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.

■ In the Matter of the Claim of DAVID RUBINOWITZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from benefits upon finding him unavailable for employment. (Labor Law, § 591, subd. 2.) The board was well within its province in determining that claimant's search for employment during the period May 25–July 15 "was meager and token in nature, and totally inadequate to demonstrate his attachment to the labor market", in that he contacted but five employers when seeking work as a shoe salesman and only his union in looking for work as a warehouseman. The board was also warranted, under the circumstances demonstrated, in giving no additional effect to his repeated visits to the union hall and to one of the shoe firms. Inasmuch as we cannot find, upon this record, that there was no substantial evidence supportive of the board's determination, we are without authority to disturb it. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*