Ansel GREEN

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

Oct. 30, 1968.

Alexander MacNichol, Portland, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

DUFRESNE, Justice.

This opinion is supplemental to our opinion rendered August 20, 1968, Me., 245 A.2d 147. There is no need, however, to reiterate the fact situation which we thoroughly outlined in our former decision. By subsequent motion for modification or rehearing, petitioner requests from this Court a formal and express ruling on his alleged due-process grievance properly assigned on appeal and fully advanced to us in brief and at oral argument.

Petitioner contended that the voidance by this Court of his previous erroneous sentence had established as a fact that he had served time in State Prison for some 13 years upon an illegal sentence and that to let his current sentence stand without a re-

mand to the sentencing judge for his consideration of that circumstance on resentence was a violation of the due process clause of our State and Federal Constitutions. If a reading of our prior decision has led to the conclusion that counsel had waived petitioner's reference due-process argument, we hasten to say that we entertained no such fact and did not wish to convey any such inference.

█ Having in mind that waivers of alleged constitutional grievances at the State level may bar federal relief under the doctrine of prior exhaustion of state remedies, we do state for the record that petitioner's counsel did not waive petitioner's claim that due process required remanding for resentence.

Although we did not expressly dispose of the argument, we inferentially denied relief thereon when we proceeded to establish the legal commencement date of petitioner's present sentence. Any remand for resentence would have rendered moot and premature petitioner's claim that he was illegally imprisoned under his second sentence, when, after the setting aside of the previous conviction, the second sentence was not moved forward and made to run as of the first day of his incarceration thereunder.

In re-affirming our previous decision, we now state the reasons for denying further relief to the petitioner.

The issue is, whether due process requires that a prisoner, who has served time on an illegal sentence imposed by a court of this State for another offense, which prior sentence has been set aside for error subsequently to the imposition of the current sentence, be given the opportunity on resentence to present to the sentencing court the fact of the setting aside of the previous sentence and the amount of time illegally served thereunder for consideration in the imposition of a substitute sentence. Petitioner relies on Bauers v. Yeager, 1966, U.S.D.C. (N.J.), 261 F.Supp. 420, which sustains his position.

Let us say initially that we are not dealing in the instant case with a situation such as in Hill v. Holman, 1966, U.S.D.C., (Ala.), 255 F.Supp. 924. There, a prisoner had served six years of an original sentence when set aside and the district court ruled that time served on the erroneous sentence had to be credited against the later sentence imposed in the same case and for the same offense. We intimate no opinion as to what our decision would be in similar circumstances.

Rights of persons accused of crime are specifically enumerated in Article I, § 6 of the Constitution of Maine and consist of the right to counsel or self representation; to formal charge setting forth the nature and cause of the accusation; to confrontation of the witnesses (including the right of cross-examination); to compulsory process for witnesses; to speedy, public and impartial trial by a jury of the vicinity; to the privilege against self-incrimination.

In the area of sentencing, the Constitution is not so specific but in general terms decrees, § 6 "nor [shall he] be deprived of his life, liberty, property or privileges, but by judgment of his peers or the law of the land"; § 6–A, "No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws * * *." To the same effect, Amendment 14, § 1, Constitution of the United States: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

█ The constitutional guaranties against deprivation of one's liberty except by "the law of the land" or "with due process of law", whether in our State Constitution or in the Constitution of the United States, are couched in terms identical in meaning and should be given coextensive application under similar circumstances. See Michaud v. City of Bangor, 1963, 159 Me. 491, 196 A.2d 106; Jordan v. Gaines, 1939, 136 Me. 291, 8 A.2d 585.

A convicted offender is not completely beyond the pale of constitutional protection. Smith v. United States, 1955, U.S.C.A., 5th Cir., 223 F.2d 750; Duncan v. Ulmer, 1963, 159 Me. 266, 274, 191 A.2d 617. Petitioner had pleaded guilty on information to a serious and infamous crime punishable by imprisonment in State Prison for a maximum term of five (5) years, 17 M.R.S.A. § 3551. Due process required that he have counsel representation at all critical stages of the prosecution against him unless he freely, knowingly and understandingly waived the same. Due process thus required that counsel representation be accorded the petitioner, even though a convicted felon, at that time in the trial scene when the judge undertook to pass sentence upon him; indeed, the guiding hand of counsel, in many instances, may be practically impotent during the course of a trial or at the arraignment level, due to the forceful and irrefutable nature of the evidence against the accused, but, when the time for sentencing has been reached, the voice of the advocate will rise, in due protection of the offender, with vigorous, influential and informatory dialogue, to the end that the judicial choice of sentence may be made within a sound discretion in the light of all the mitigating circumstances favorable to his client. Green's constitutional rights in that regard were fully respected.

But due process does not require surrounding the sentence procedure with the same constitutional and evidentiary safeguards attached to any hearing where determination of guilt is involved. Our practice whereby the judge, prior to sentence and in open court, gives to the defendant or his counsel, or both, opportunity to be heard, making inquiry as to any past criminal activity of the defendant so as to obtain an .accurate background for proper formulation of sentence, and receiving arguments tending to influence his judicial discretion in passing judgment within statutory limits, complies fully with constitutional requirements.

The constitutional due process clause does not freeze the sentencing procedure in the mold of trial procedure, and a sentencing judge may exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by law. Williams v. People of State of New York, 1949, 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760; Williams v. State of Oklahoma, 1959, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516; Friedman v. United States, 1953, U.S.C.A., 8th Cir., 200 F.2d 690; Driver v. State, 1952, 201 Md. 25, 92 A.2d 570; Application of Hodge, 1958, U.S.C.A., 9th Cir., 262 F.2d 778; Hoover v. United States, 1959, U.S.C.A., 10th Cir., 268 F.2d 787; Powers v. United States, 1963, U.S.C.A., 1st Cir., 325 F.2d 666.

Rule 32(c) (2) of our Maine Rules of Criminal Procedure modifies the rulings stated to the extent that the convicted offender is given the right before sentence is imposed to know the essential facts of a pre-sentence investigation and report and *opportunity to comment thereon.*

"(c) Pre-Sentence Investigation.

(2) *Report.* The report of the pre-sentence investigation shall contain any prior criminal record of the defendant and such information on his characteristics, his financial condition, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. If the defendant is represented by counsel, the court before imposing sentence shall permit counsel for the defendant to read the report of the pre-sentence investigation or to be·present at the presentation of an oral report and shall afford such counsel an opportunity to comment thereon. If the defendant is not represented by counsel, the court shall communicate, or have communicated to the defendant the essential facts in the report of the pre-sentence

investigation and shall afford the defendant an opportunity to comment thereon. Confidential sources of information may be excluded from any report which counsel is permitted to read, which is presented in counsel's presence, or the essential facts of which are communicated to the defendant."

The record in the instant case does not indicate any pre-sentence investigation and report, nor what sources of information or types of evidence the sentencing judge used when reaching for the sentence of not less than 2 years and not more than 4 years which he imposed. It was not the maximum punishment allowable by law. Green at sentence was under personal observation by the judge and no claim is made that he was deprived of the opportunity to address the court respecting sentence. Assuming that the judge knew the current crime to have been committed while Green was on parole and that any new sentence would have to be served only after the termination of his previous sentence by virtue of 34 M.R.S.A. § 1676, still we have no specific suggestion that his conviction as an habitual offender was a substantial determinant in the court's judgment. Even so, Green's criminal record as it stood at the time of his current sentence was a true record. His previous sentence, although voidable, was in full force and effect. Furthermore, even though the sentence was erroneous under the habitual criminal statute, Green's basic conviction of larceny therein was the real matter for consideration. In reaching its conclusion, the court was not confined to the single point of the defendant's prior service in State Prison or his past criminal activity. The judge was called upon to determine what additional service time, if any, was needed for the defendant's rehabilitation, his deterrence from crime as well as that of others, and for the protection of society.

■ Due process, undefined in either constitution, does not restrict the State to any particular mode of procedure. It pro-tects against the exercise of arbitrary governmental power and guarantees equal and impartial dispensation of law according to the settled course of judicial proceedings or in accordance with fundamental principles of distributive justice. See Appeal of Thompson, 1917, 116 Me. 473, 481, 102 A. 303; LeClair v. White, 1918, 117 Me. 335, 104 A. 516. A thorough search of this record fails to disclose any infringement of petitioner's constitutional rights.

■ Evidence of the prior voidable state prison sentence in the instant case was received, if at all, with all the other surrounding circumstances, solely to aid in the discretionary determination of the punishment to be imposed for the current offense and not for the purpose of establishing a necessary independent factual ingredient for the enhancement of punishment beyond the penalty allowable by law for such current offense. Thus, cases involving the habitual criminal statute such as Green v. State, 1968, Me., 237 A.2d 409, are not applicable. See also, United States ex rel. Gerchman v. Maroney, 1966, U.S. C.A., 3rd Cir., 355 F.2d 302 (conviction of assault and battery with intent to ravish made subject to enhancement of punishment upon finding that convict constitutes a threat of bodily harm to members of the public).

■ True, a sentence substantially predicated upon assumptions concerning past criminal activity untrue in fact or upon misinformation as to other material facts, either as a result of carelessness or design, would be in violation of due process. Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; Keenan v. Burke, 1951, 342 U.S. 881, 72 S.Ct. 162, 96 L.Ed. 661; Smith v. United States, 1955, U.S.C.A., 5th Cir., 223 F.2d 750; Ex parte Hoopsick, 1952, 172 Pa.Super. 12, 91 A.2d 241.

The petitioner's current sentence was within statutory limits, passed by the sentencing Justice in the exercise of sound

judicial discretion in proceedings, so far as this record is concerned, free from any taint of constitutional deficiency.

The previous order stands.

So ordered.