**Wayne L. NORTHUP**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Jan. 20, 1971.

748

Charles E. Moreshead, Augusta, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY and WERNICK, JJ.

WEATHERBEE, Justice.

Petitioner has appealed the denial by a Justice in the Superior Court of his pe-

tition for the writ of post-conviction habeas corpus. We find no error.

Petitioner had been convicted of rape in 1957 and had been released to parole on August 29, 1964. Some three months later two separate charges of rape were brought against him and he was bound over for grand jury action. On December 11, 1964 while represented by counsel he petitioned to be arraigned on informations charging these two offenses. He entered a plea of guilty to one such information (No. 5106) and received another—the present—state prison sentence. He pleaded not guilty to the other (No. 5107) and the State's motion to nol pros it was granted. The instant petition attacks the sentence Petitioner received on December 11, 1964. We find no error in the Justice's denial of the writ.

After Petitioner's 1964 conviction he was returned to prison as a parole violator to complete his 1957 sentence. On November 25, 1968 the 1957 sentence was declared invalid on habeas corpus by a Justice who applied the reasoning of White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193 (1963). Petitioner then commenced serving his 1964 sentence and was credited on this latter sentence with the time he had been in prison since his return on December 14, 1964.

■ Petitioner claims that his 1964 conviction should be set aside as it resulted from a plea of guilty which was based on error in that he believed that it constituted his second conviction for rape. Specifically, Petitioner contends that he pleaded guilty to this 1964 charge because of his ignorance that his 1957 conviction was voidable—a state of unawareness which he shared with every other person as his 1964 trial predated the decision of the United States Supreme Court in White v. Maryland.

Petitioner argues that the existence of the prior conviction was a major factor in his decision to plead guilty because it could have been used to impeach his testimony if he pleaded not guilty and took the stand as a witness and because of the effect the prior conviction might have upon the sentence he might receive. After hearing, the Single Justice found that Petitioner's plea of guilty was voluntary and was motivated entirely by his knowledge and recognition of his guilt and his hope for a lenient sentence. The record does not indicate that this finding was clearly erroneous. Stone v. State, Me., 222 A.2d 153 (1966). The Single Justice found the comparison of Petitioner's conduct in two procedurally identical situations to be convincing evidence that the prior conviction was not a factor in his decision to plead guilty. Although Petitioner testified he feared his prior conviction could be disclosed to the jury if he went to trial on No. 5106, yet he pleaded not guilty and was willing to go to trial on No. 5107 in spite of the fact that evidence of the prior conviction would have been equally available against him in that case. Petitioner testified that he pleaded not guilty to No. 5107 because he was not guilty and he pleaded guilty to No. 5106 because he was guilty but he wouldn't have done so if he hadn't had the prior conviction. He admitted to the Justice at habeas corpus his guilt of the rape charged in the present case. The Justice correctly concluded that as Petitioner admits he was guilty of the offense charged in No. 5106 he could not have presented himself to his advantage as a witness in that case without committing perjury which he could have had no right to do. The Justice found that the existence of the voidable conviction was not an appreciable factor in the decision to offer a plea of guilty in No. 5106.

Aside from this dispositive finding of fact, Petitioner would not be entitled to have his admission of guilt set aside solely because he assessed the factors entering into his decision to plead guilty according to then applicable law. This principle was made clear by the United States Supreme

Court in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The language of the Court is fully applicable here.

"More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

"The fact that Brady did not anticipate United States v. Jackson [390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138], *supra,* does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions."

■ Petitioner next urges that the sentence which the Presiding Justice imposed was unconstitutional and invalid because it was based upon Petitioner's 1957 conviction which, it will be recalled, was later held to have been invalid. The transcript of the Justice's explanation to the Peti-

tioner concerning the sentence he felt he should give the Petitioner for that offense reflects an awareness of the fact that the Petitioner had committed the offense while on parole from the 1957 conviction. Whether the sentence he gave was longer because of his knowledge of the 1957 conviction than it would otherwise have been or whether it was shorter because the Justice realized Petitioner might still be required by the Parole Board to serve part or all of the remainder of his 10 to 20 year sentence of 1957 or whether he would have imposed the same sentence if there had been no prior conviction is impossible to determine. We do not find it proved that there was a substantial reliance on the prior conviction which affected the new sentence. Certainly the 1964 sentence was not patently excessive for a crime the punishment for which the Legislature has prescribed any term of years. In any case, the prior conviction was an existing fact, valid at the time.

We were presented with the same issue in Stewart v. State, Me., 259 A.2d 664 (1969). There we said:

"However, even in the face of a finding by the lower court that his 1954 conviction and sentence were illegal for deprivation of petitioner's constitutional rights, the single Justice's conclusion that petitioner's current sentence was free from any taint of constitutional deficiency must be sustained on the basis of our ruling in Green v. State, 1968, Me., 247 A.2d 117. As in *Green,* Stewart was not given the maximum penalty which the applicable statute sanctions. See, 17 M.R.S.A. § 1501. Stewart's criminal record, considered by the sentencing judge at the time of the current sentence, to all concerned, was a true record, including that of his 1954 voidable sentence which was then in full force and effect. * * *"

The Single Justice who denied Petitioner the writ of habeas corpus was correct in

applying the reasoning of Stewart and finding that the sentence was validly imposed.

Finally, it is Petitioner's contention that the Justice at the habeas corpus hearing erroneously admitted over Petitioner's objection testimony of Petitioner's former attorney and of Petitioner himself which dealt with privileged communications between the Petitioner and his attorney.

■ After Petitioner had testified that his plea of guilty to No. 5106 resulted from his fear that he would suffer from the use of the prior conviction against him at trial, the State called as a witness Petitioner's former attorney. Over Petitioner's objection the attorney was permitted to testify to the substance of some of his conversations with Petitioner and Petitioner's other attorney which related to the making of the decision to plead guilty. The discussions were the confidential communications between attorney and client and fall into the category of privileged communications and the attorney cannot be permitted and cannot be compelled to testify to their contents without the client's consent.

We have studied the testimony of the former attorney here and find that because of the effect we give to Brady v. United States, supra, the attorney's disclosure was not prejudicial to Petitioner even if it was privileged. However, the frequency in which former counsel are called upon to testify in hearings on petitions for post-conviction habeas corpus merits discussion of the application of the rule.

The purpose of the rule has been succinctly stated in Hunt v. Blackburn, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888)

"The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure. But the privilege is that of the client alone, and no rule prohibits the latter from divulging his own secrets; and if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney. When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and Mr. Weatherford, and respecting which she testified, she waived her right to object to his giving his own account of the matter."

■ As the privilege is for the benefit of the client only he can waive it during his lifetime. His waiver may be formal or it may be implied from his conduct.

The plethora of petitions for writs of post-conviction habeas corpus which has descended upon us in the last decade has presented many courts with problems of application of the old rule to new situations. We find that issue arises most frequently where the post-conviction Petitioner attacks the judgment as having resulted from inadequacy or incompetence of counsel—a claim familiar to us, too, but not presented in this case.

■ In all of such instances which have come to our attention the Courts have held that the presentation of the issue of inadequate representation of counsel constitutes a waiver of the privilege and permits testimony by the attorney relevant to the issue including the disclosure of conversations between him and his former client which would otherwise be privileged. Moore v. State, 231 Ind. 690, 111 N.E.2d 47 (1953); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); Hand v. State, Mo., 447 S.W.2d 529 (1969); People v. Northrop, 29 A.D.2d 895, 287 N.Y.S.2d 987 (1968); United States ex rel Richardson v. McMann (2d Cir., 1969) 408 F.2d 48; Laughner v. United States (5th Cir., 1967) 373 F.2d 326.

The same position has been taken as to the disappearance of the privilege in civil

matters. Hunt v. Blackburn, supra; Chase v. Chase, 78 R.I. 278, 81 A.2d 686 (1951); Everett v. Everett, 319 Mich. 475, 29 N.W. 2d 919 (1947). Canon 37, Canon of Professional Ethics of the American Bar Association is in agreement:

> "If a lawyer is accused by his client, he is not precluded from disclosing the truth in respect to the accusation."

The American Law Institute's Model Code of Evidence, Rule 213(2) (b) suggests the correct position to be:

> "There is no privilege under Rule 210 as to any relevant communication between a lawyer and his client * * * (b) upon an issue of a breach of duty by the lawyer to his client."

Jones' Commentaries on Evidence, 2d ed., § 2165, p. 4114 states the rule to be:

> "The object of the rule ceases and the attorney is no longer bound by his obligation of secrecy when his client or his representatives charge him, either directly or indirectly, with fraud or other improper or unprofessional conduct. Under such circumstances he may testify as to the facts."

Although the decisions frequently stress that the issue of adequacy of representation is an attack on the professional ability and sometimes on the integrity of an attorney, the conclusion of the courts appears clearly to be that it is the putting in issue of the fact of adequacy that permits the court to receive the attorney's testimony. In our opinion the waiver is not found to permit the attorney to defend his professional reputation—although this may frequently be one of the results—but to aid the Court in arriving at the truth as to the disputed fact. While the logic of this policy is immediately recognizable in matters where there is a direct attack upon the attorney's representation we believe the same considerations require a broader application of the rule in matters of collateral attacks on criminal judgments based on pleas of guilty.

The decision to plead guilty is a subjective process consisting of evaluation of various factors including, presumably, the professional advice given by counsel after a free interchange of views between attorney and client. The public interest in the avoidance of pleas of guilty based upon frivolous, fraudulent or invalid factors is very strong. M.R.Crim.P. Rule 11 reflects this Court's attempt to prevent pleas of guilty based upon anything but the informed judgment of the Defendant. The attorney's responsibility to the same effect is implicit in his acceptance of the employment.

> "The duty of an attorney to a client, whether in a private or criminal proceeding, is subordinate to his responsibility for the due and proper administration of justice. In case of conflict, the former must yield to the latter." State v. Kruchten, supra.

In a collateral attack on a judgment, an allegation that a plea of guilty was based on considerations which would invalidate the judgment puts in issue the various factors which went into the determination to enter the plea. Relevant to those factors may be the information given by the attorney to the client and the client's disclosures to the attorney.

We hold that in a post-conviction habeas corpus proceeding (and for the purposes of that proceeding alone) representations by the Petitioner that his plea of guilty was induced by reasons which if true would invalidate the plea constitutes a waiver as to relevant confidential disclosures between attorney and client.

Appeal denied.

WEBBER, J., did not sit.