STATE of Maine

v.

Derek BONNEY.

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.

Decided June 13, 1995.

Norman R. Croteau, Dist. Atty., Joseph O'Connor, Asst. Dist. Atty., South Paris, for State.

William Maselli, Auburn, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Derek Bonney appeals from the dismissal by the Superior Court (Oxford County, *Alexander, J.*) of his motion for a reduction of his sentence pursuant to M.R.Crim.P. 35. He argues that the court erred when it concluded that Rule 35 does not confer authority to reduce his sentence. We affirm the judgment.

In December 1992 Bonney forced a car driven by Jean–Paul Parisien off Route 26 in Bethel. Parisien died instantly when his car struck a stand of trees. In December 1993 Bonney pleaded guilty to manslaughter and operating under the influence of intoxicating liquor. In exchange, the State agreed to recommend to the court a cap of four years on any unsuspended portion of the sentence imposed.

Bonney suffers from a condition known as reflex sympathetic dystrophy. In persons with this condition, a relatively minor trauma produces ongoing severe pain. In Bonney's case, an accidental workplace injury suffered in 1985 has given rise to a series of serious medical interventions intended to stop the progression of the disease. Bonney suffers from unpredictable spasms and unremitting pain and is confined to a wheelchair.

Concerned about the ability of the Department of Corrections to provide adequate care for a person with Bonney's disability, the court asked the State to investigate the ability of the Department to take care of Bonney. In response, the State reported at the sentencing hearing in March 1994 that the Maine State Prison currently accommodates amputees, persons in wheelchairs, persons with AIDS, and other terminally ill inmates. The court sentenced Bonney to 8 years of incarceration, with all but 4 years suspended, followed by 6 years of probation.

On June 20, 1994, Bonney moved *pro se* for a reduction of his sentence based on a mistake of fact pursuant to M.R.Crim.P. 35(c).[1]

---

1. M.R.Crim.P. 35(c) provides as follows:
   (c) **Reduction of Sentence After Commencement of Execution.**
   (1) *Timing of Motion.* On motion of the defendant or the attorney for the state, or on the court's own motion, made within one year

after a sentence is imposed and before the execution of the sentence is completed, the justice or judge who imposed sentence may reduce that incompleted sentence.
   (2) *Ground of Motion.* The ground of the motion shall be that the original sentence was

After a hearing, at which Bonney was represented by counsel, the sentencing court dismissed the motion. The court concluded that it could not "address conditions of incarceration issues on a Rule 35 motion." Bonney filed a timely notice of appeal.

Bonney argues that the sentencing court relied on the State's representations that the Department of Corrections had adequate facilities to care for Bonney when it sentenced him. Because the Department lacked those facilities, Bonney argues that the court's reliance amounts to a mistake as to material fact within the meaning of M.R.Crim.P. 35(c). Further, Bonney argues that the court's ruling that this kind of mistake is not remediable through Rule 35 violates Bonney's right to be sentenced on accurate information, citing *Green v. State,* 247 A.2d 117 (Me.1968).

The State responds that we should not adopt the material mistake of fact test suggested by Bonney. It also argues that the sentencing statute does not allow the court to consider the comfort, convenience, and safety of convicted persons in imposing a sentence, citing *Department of Corrections v. Superior Court,* 622 A.2d 1131 (Me.1993). Finally, the State argues that the courts will be inundated with Rule 35 motions if we allow inmates to challenge their sentences based on some real or imagined physical disability with which the Department is purportedly ill-equipped to deal.

■■■ We do not accept completely either party's interpretation of our prior decisions. The State's reliance on *Department of Corrections* for the proposition that a sentencing court cannot consider the comfort, convenience, and safety of convicted persons is misplaced. Indeed, we stated in that case: "We do not undermine the authority of the trial court to conduct a sentencing hearing and to inquire into the options available to aid the court's sentencing discretion. The court may make appropriate recommendations to the Department [of Corrections] in its handling of the defendants." *Department of Corrections,* 622 A.2d at 1135. We also stated, contrary to the State's *in terrorem*

argument, "that the courts in this state, if their power is invoked by appropriate process, have the power and duty to relieve prisoners from conditions of incarceration that amount to cruel or unusual punishment in violation of article I, section 9 of the Maine Constitution or the eighth amendment to the United States Constitution." *Id.* at 1134–35 (citing *Morris v. Goss,* 147 Me. 89, 83 A.2d 556 (1951)).

For his part, Bonney fails to consider the constitutional limitations on a court's power to reduce a sentence previously imposed. *See State v. Hunter,* 447 A.2d 797 (Me.1982). Rule 35 reflects exactly that constitutional limitation by requiring a movant to show "that the original sentence was influenced by a mistake of fact which existed at the time of sentencing." The record before us demonstrates only that the sentencing court may have relied on a prediction that the Maine State Prison could accommodate a person with Bonney's disability. Regardless whether the court's reliance may have been frustrated by subsequent events or may have been misplaced initially, the prediction cannot represent a fact which existed at the time of sentencing. The sentencing court properly recognized the limitation on its authority, constitutionally required and imposed by the clear language of Rule 35. Moreover, *Green v. State* does not support Bonney's contention. *Green* stands for the proposition that a consecutive sentence is not based on a mistake of fact even though the prior sentence is subsequently determined to be illegal. *Green,* 247 A.2d at 121. Today's decision is entirely consistent with *Green.*

The entry is:

Judgment affirmed.

All concurring.

influenced by a mistake of fact which existed at the time of sentencing.