2003 ME 14

**STATE of Maine**

v.

**Robert WORTHLEY.**

**Docket No. Ken–02–248.**

Supreme Judicial Court of Maine.

Argued: Oct. 9, 2002.

Decided: Feb. 3, 2003.

Evert N. Fowle, District Attorney, Alan P. Kelley, Deputy Dist. Atty. (orally), Augusta, ME, for State.

Jodi L. Nofsinger, (orally), Berman & Simmons, P.A., Lewiston, ME, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Robert Worthley appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*) sentencing him to 364

days imprisonment with all but seven days suspended and probation for one year, after he pled guilty to OUI (operating under the influence of intoxicants) (Class D) in violation of 29–A M.R.S.A. § 2411 (1996). Worthley contends that the mandatory minimum sentence in section 2411(5)(B) is unconstitutional as applied to him. We disagree and affirm the judgment.

## I.  FACTS AND PROCEDURE

[¶ 2]  On May 12, 2000, Worthley was stopped by a police officer for speeding. After he failed field sobriety tests, he was arrested for OUI. He initially pled not guilty, and his case was transferred to the Superior Court for a jury trial. Eventually, he changed his plea to guilty.

[¶ 3]  At his sentencing he argued that the mandatory minimum jail sentence of seven days for a second OUI offense is cruel and unusual punishment as applied to him. *See id.* § 2411(5)(B). Dr. Peterson, Worthley's psychiatrist, testified that Worthley suffered from post-traumatic stress disorder (PTSD) that stemmed from his military service in Viet Nam where he was pinned down in a trench for an extended time period. Peterson described Worthley's numerous symptoms which included flashbacks, anxiety, depression, and difficulty being confined in small spaces. She related that his PTSD was severe and opined that jail might trigger his symptoms and make him a danger to himself and others. She was of the opinion that a jail sentence would undo the progress that he made and set him back several years. She based her opinion on an assumption that Worthley would be held overnight upon admission in a holding tank and then housed with three to fifteen other prisoners in the jail. On cross-examination she agreed that if Worthley was not placed in a jail cell with other prisoners, the situation would be better for him.

[¶ 4]  The court found that a jail sentence could have severe medical and psychological repercussions for Worthley which could last for years and that he might be a danger to himself or others while in jail. Concluding that it had no authority to suspend or waive the jail sentence, the court sentenced Worthley to 364 days in jail, suspending all but seven days, and one year probation. The court also imposed the mandatory fines, surcharges, and license suspension. The sentence was stayed pending appeal.

## II.  DISCUSSION

[¶ 5]  We review a sentence on direct appeal when there is a claim of illegality of the sentence. *State v. Ricker,* 2001 ME 76, ¶ 18, 770 A.2d 1021, 1026–27. Worthley claims the sentence is illegal because as applied to him it violates the cruel and unusual punishment clauses of the United States and Maine Constitutions. U.S. CONST. amend. VIII; ME. CONST. art. I, § 9.

[¶ 6]  The sentence imposed on Worthley is not unusual for the offense of OUI, but his argument is that as to him it is cruel and unusual because it will have a much more detrimental effect on him than on an ordinary person. In analyzing whether a sentence is cruel and unusual as applied, we look to whether the sentence is greatly disproportionate to the offense and whether it offends prevailing notions of decency. *State v. Frye,* 390 A.2d 520, 521 (Me.1978) (holding that mandatory four-year sentence for robbery with a firearm as applied to defendant was not cruel and unusual). We have held that the public interest promoted by the mandatory minimum sentences in the OUI statute is of the greatest importance. *State v. Vanassche,* 566 A.2d 1077, 1081 (Me.1989) (upholding the forty-eight-hour mandatory minimum

sentence for people with a blood-alcohol level of 0.15% or higher). We recognize the significant public interest in deterring people from operating motor vehicles while under the influence of intoxicants, the widespread public outcry against OUI, and the demand for increased sentences as reflected in the history of section 2411. For these reasons a sentence of 364 days in jail with all but seven days suspended and probation for one year for a second OUI offense is neither disproportionate nor offensive to prevailing notions of decency.

[¶ 7] The fact that the sentence imposed on Worthley may be harsher and have longer detrimental effects on him than it would on an ordinary person does not mean that the sentence as applied to him may be disproportionate or offend prevailing notions of decency. Assuming, without deciding, that it may be possible in rare cases that a mandatory minimum sentence is cruel and unusual because of the characteristics of the individual or because of the manner in which the sentence is carried out,[1] there was not enough information in this case for the court to conclude that the conditions and length of confinement would result, in fact, in an excessive sentence as applied to Worthley. There was no evidence as to how the sheriff charged with executing the sentence would manage the incarceration; that is, whether the sheriff could make arrange-

ments to accommodate Worthley so as to lessen the detrimental effect of the jail stay on him. Not all jail conditions are the same for all prisoners, and jailers are often in the position of making accommodations for individuals with various medical conditions and handicaps. *See, e.g., State v. Bonney,* 659 A.2d 1269, 1269 (Me. 1995) (noting accommodations at Maine State Prison for amputees, terminally ill prisoners, and others); *Dep't of Corr. v. Superior Court,* 622 A.2d 1131, 1135 (Me. 1993) (stating that sentencing courts may make appropriate recommendations to jailer concerning needs of defendants). Without evidence or information as to how the sheriff intended to manage Worthley's sentence, the court was unable to determine that Worthley's condition could not be accommodated, and, thus, unable to find that applying the mandatory minimum jail sentence to Worthley would result in an unconstitutionally excessive sentence.

The entry is:

Judgment affirmed.

---

1. In *State v. King,* 330 A.2d 124, 127 (Me. 1974), we indicated that a minimum mandatory sentence could be unconstitutional if it was of such great severity that it lost the rational relationship between it and the evil it was intended to address.