### Ansel GREEN
### v.
### STATE of Maine et al.

Supreme Judicial Court of Maine.

Jan. 23, 1968.

Curtis M. Payson, Rockland, for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, for respondent.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and DUFRESNE, JJ.

MARDEN, Justice.

On report. This is a petition for post-conviction relief addressed to the Superior Court and assigned to a single Justice of this court who, after taking out the evidence, and with all parties agreeing, ordered that it be reported.

The record justifies the following findings of fact: The petitioner, then 18 years of age, and a brother, William, one year older, were indicted for robbery at the September Term 1943 of the Superior Court for Penobscot County. William employed counsel, who neither advised nor represented the petitioner. Petitioner's indigency was not explored, he was not represented by counsel, he did not request counsel, he was not offered counsel and he was not advised that he could have counsel.

It was agreed between the petitioner and his brother, inasmuch as the petitioner had no felony record and the brother had a felony record, that petitioner would plead guilty and appear as a witness for his brother in the expectation that William might be acquitted and the petitioner, because of absence of a felony record, might be treated leniently. Whether William's attorney was a party to this maneuver is not known. During the trial of William, he retracted his plea of not guilty and entered a plea of guilty. Upon their pleas both men were sentenced to not less than 2 nor more than 4 years in the State Prison. Petitioner fully executed his sentence imposed upon the robbery.

At the Superior Court for Knox County in May of 1949 the petitioner was indicted for the larceny of an automobile valued at $200.00 and the indictment alleged his 1943 conviction for robbery and his sentence to the State Prison, consistent with the provisions of the then statute (R.S.1954 Chap. 149 § 3).[1]

Petitioner was convicted of larceny under the 1949 indictment and was sentenced to serve not less than 12 nor more than 24 years in the Maine State Prison, which sentence he is now serving.

---

1. "When a person is convicted of a crime punishable by imprisonment in the state prison, and it is alleged in the indictment and proved or admitted on trial, that he had been before convicted and sentenced to any state prison by any court of this state, or of any other state, or of the

United States, whether pardoned therefor or not, he may be punished by imprisonment in the state prison for any term of years."
This statute was amended by Chapter 268 P.L. 1961 and, as amended, is now 15 M.R.S.A. § 1742.

But for the application of the so-called "habitual criminal" statute, which authorized the enhancement of sentence upon conviction of the 1949 larceny charge, the maximum sentence for the larceny would have been 5 years. (R.S.1954 Chap. 132 § 1)

It is petitioner's contention that because of deprivation of his constitutional right to counsel in 1943, such conviction was invalid and cannot be a basis for the enhanced sentence which he is now executing.

There are three issues presented. First, does 14 M.R.S.A. §§ 5502–5508, the post-conviction statute, give the Court jurisdiction to consider his complaint; is he incarcerated under a sentence which is open to challenge? Second, was the 1943 conviction invalid? Third, if so, is its invalidity relevant to the sentence which he is executing and here attacks?

█ This area of controversy was entered in Beaulieu v. State, 161 Me. 248, 211 A.2d 290 and Longway v. State, 161 Me. 430, 213 A.2d 519. In both cases the petitioners, as here, had executed the sentence which they claimed was invalid and in both cases it was held, upon the facts involved,[2] that inasmuch as the petitioner was not incarcerated under a sentence susceptible to constitutional attack, our statute could not afford the petitioner relief. Here, it is argued, that, the sentence he is now serving being directly attributable to the enhancement of the larceny sentence by application of the recidivist statute, he is entitled to the benefits of our post-conviction statute.[3] We agree. But for such enhancement, the petitioner would long since have executed a maximum sentence imposable upon conviction for the grand larceny. The cases of Beaulieu and Longway are not here controlling. The petitioner is incarcerated under a sentence open to attack under our post-conviction statute.

The validity of the 1943 conviction is open to reconsideration. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) established the rule that the right of an indigent, accused of a felony, to counsel, which is guaranteed by the Sixth Amendment of the Federal Constitution (the right "to have the assistance of counsel for his defence,") is applicable to the States by virtue of the Fourteenth Amendment of the Federal Constitution ("due process" clause,) "unless the right is competently and intelligently waived" [1] at page 794 of 83 S.Ct. In effect Gideon expands the meaning of § 6, Article I of our State Constitution which provides that "(i)n all criminal prosecutions, the accused shall have a right to be heard by himself and his counsel, or either, at his election."

2. In *Beaulieu* the petitioner, without representation by counsel, was convicted in a Municipal Court for larceny and sentenced to the Reformatory for Men. Upon an indictment for escape while in execution of that sentence, on which he was represented by court appointed counsel, he was convicted of the escape upon a plea of guilty and sentenced to the State Prison, which sentence was challenged by a petition for post-conviction relief. The case rests upon the holding that the detention from which the petitioner escaped was a lawful detention as to which an examination of the larceny conviction was not relevant.

In *Longway* the petitioner, represented by court appointed counsel, was convicted of larceny and while in execution of his sentence, escaped, which escape was the subject of an indictment, conviction thereon and sentence, which sentence was challenged by post-conviction process. Petitioner attacked the "escape" sentence upon contentions that his detention under the larceny sentence was unlawful by reason of incompetence of counsel in the "larceny" trial. The alleged incompetence was not established.

3. 14 M.R.S.A. § 5502. "Any person convicted of a crime and incarcerated thereunder * * * who claims that he is illegally imprisoned, * * * or that his sentence was imposed in violation of the Constitution of the United States or of this State, * * * may institute a petition * * * provided that the alleged error has not been previously * * * waived in the proceeding resulting in the conviction * * *."

Since *Gideon,* the several jurisdictions have turned cases involving the "right to counsel" issue upon grounds that a plea of guilty waived the right to counsel, or that no request for counsel had been made, or that the failure of providing counsel resulted in no prejudice, or that a waiver of counsel may be presumed from a record silent on the point. These considerations have been put to rest and the retroactive effect of *Gideon* established by Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (February 24, 1964) [4]; and United States ex rel. Durocher v. LaVallee et al., 330 F.2d 303 (CA 2d Cir, March 26, 1964), on which certiorari was denied by the United States Supreme Court in 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (June 22, 1964).

 The petitioner's 1943 conviction for robbery must be, and hereby is, declared invalid.

The relevance of the reversal of the 1943 conviction for robbery, insofar as it is a basis for the sentence which the petitioner is now executing, has been decided in LaVallee, supra; Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966) [5] and Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (November 13, 1967), where, upon facts similar to those in the present case the Court said at [5] page 262 of 88 S.Ct.:

"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case."

4. The *Doughty* decision cited is a memo decision reversing petitioner's conviction following original consideration of the issue sub nom. Doughty v. Sacks, 173 Ohio St. 407, 183 N.E.2d 368 (1962), its review sub nom. Doughty v. Maxwell, 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139 (1963), and remand to the Ohio Court, where it

and "(t)his Court cannot permit such a result * * *." [6] same page. The message is clear. An indigent person, accused of a felony, must have had counsel unless the record shows that he intelligently and understandingly waived that right.

The case is remanded to the single Justice, to whom was assigned the petition for post-conviction relief, for the issuance of a writ of habeas corpus under 14 M.R. S.A. § 5502 et seq. and discharge of the petitioner.

So ordered.

WEATHERBEE, J., did not participate.

was reconsidered sub nom. Doughty v. Sacks, 75 Ohio St. 46, 191 N.E.2d 727 (1963), from which reports, the facts are to be obtained.

5. Facts to be found in Ex parte Greer, 408 S.W.2d 711 (Tex.Cr.App.).