**William E. THORESEN, III**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

March 18, 1968.

Gene Carter, Bangor, Eliot B. Feldman, Los Angeles, Cal., John P. Frank, John J. Flynn, Phoenix, Ariz., for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, for respondent.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

This was a petition for post conviction relief. A motion to dismiss filed by the respondent was granted below. Dismissal was predicated upon the fact that the petitioner is not now under any actual or technical restraint in Maine. On appeal we look to the allegations of the petition to ascertain whether or not it recites valid facts which, if proven, would entitle the petitioner to relief.

The petition asserts that in 1959 the petitioner was arrested and charged with larceny of pictures. Petitioner employed an attorney to represent him. Thereafter petitioner elected to plead guilty to an information charging him with the larceny of six pictures, each separately described and valued, but "all in the aggregate value of one hundred and fifty dollars." He was thereupon sentenced as for a felony but the sentence was at once suspended and he was placed on probation for a period of two years. He was permitted to leave the State of Maine. The terms of his probation were properly complied with and the probation was formally terminated by the Superior Court in 1961. In 1967 the petitioner was indicted in the Federal District Court in California for an alleged violation of Title 15, U.S.C., Sec. 902(e). An element of the crime charged is that the petitioner is a per-

son previously convicted in Maine of a crime punishable by a prison term in excess of one year. In order to set aside the Maine conviction, petitioner now seeks an opportunity to prove that the pictures stolen in Maine in 1959 had a value not in excess of twenty-six dollars and that this fact was then unknown to petitioner. In effect petitioner seeks to prove that he did not know or understand that he was pleading guilty to a felony and would not have so pleaded if he had understood the nature of the charge.

■ By P.L.1963, Ch. 310, Sec. 1 the Legislature enacted a comprehensive post-conviction relief statute which now appears in the statutes at 14 M.R.S.A. §§ 5502 to 5508 inclusive. That this remedy was intended to be the sole and exclusive method of collateral attack upon the legality of a conviction and sentence was clearly stated by the statute itself. § 5502 provides in part:

"The remedy of habeas corpus provided in sections 5502 to 5508 is not a substitute for nor does it affect any remedies which are incidental to the proceedings in the trial court, or any remedy of direct review of the sentence or conviction but, except as otherwise provided in sections 5502 to 5508, *it comprehends and takes the place of all other common law remedies which have heretofore been available for challenging the validity of a conviction and sentence and shall be used exclusively in lieu thereof."* (Emphasis ours)

Moreover, the remedy formerly afforded by the writ of error coram nobis as understood and recognized in this state was incorporated into Sec. 5502 in these terms, "* * * or that there were errors of fact not of record which were not known to the accused or the court and which by the use of reasonable diligence could not have been known to the accused at the time of trial and which, if known, would have prevented conviction, * * *." We are satisfied that the common law writ of error coram nobis recognized as available to a petitioner under custodial re-

straint in Dwyer v. State (1956) 151 Me. 382, 120 A.2d 276 ceased to exist when it was superseded by the "coram nobis" statute enacted by the Legislature in P.L.1961, Ch. 131. See Bennett v. State of Maine et al. (1965) 161 Me. 489, 493, 214 A.2d 667, 670. This statute, then R.S.1954, Ch. 126–A, was in turn repealed by Sec. 5 of P.L.1963, Ch. 310, the chapter which simultaneously enacted the post-conviction relief statute in its present form.

■ Is the remedy afforded by 14 M.R. S.A. §§ 5502 to 5508 available to a petitioner who admittedly is presently under no form of restraint in Maine? We think not. Sec. 5502 itself limits availability in these terms:

"Any person convicted of a crime and incarcerated thereunder including any person committed as a juvenile offender, or released on probation, or paroled from a sentence thereof, or fined, * * * may institute a petition for a writ of habeas corpus * * *."

■ Clearly the statute contemplates either a presently existing actual or physical restraint or a technical hold or restraint which under appropriate circumstances (as for example by violation of probation or parole or non-payment of fine) could be converted to a physical restraint. No doubt the requirement stems from a legislative judgment that litigation must eventually come to an end and the dockets of the courts must not be clogged with stale claims. We recognized the statutory requirement when we said in Longway v. State of Maine et al. (1965) 161 Me. 430, 432, 213 A.2d 519, 520, "He has satisfied the sentence imposed for larceny and any issue sought to be raised with respect to the trial upon the larceny indictment is of course now moot." In the very recent case of Green v. State of Maine et al., Me., 237 A.2d 409 (Opinion January 23, 1968) we liberally construed the statute to permit its use by one under actual restraint in Maine in execution of a sentence imposed under the so-called "habitual crimi-

nal" statute (15 M.R.S.A. § 1742), it being alleged that there had been an unconstitutional deprivation of counsel at the time of a prior Maine conviction. We held that the existing restraint was "directly attributable to the enhancement of the larceny sentence by application of the recidivist statute." We emphasize, however, that in Green there was the presently existing restraint in Maine which the post-conviction habeas corpus statute in clear and unambiguous terms requires as a prerequisite to relief. The absence of any form of continuing restraint in the instant case is fatal to the petitioner's claim.

Appeal denied.

WEATHERBEE, J., did not sit.

DUFRESNE, J., sat at argument but did not participate in this decision.