**In the Matter of William E. THORESEN, III, Petitioner.**

**Misc. No. 263.**

United States Court of Appeals
First Circuit.

May 13, 1968.

Gene Carter, Bangor, Me., John P. Frank, John J. Flynn, Phoenix, Ariz., Eliot Feldman, Los Angeles, Cal., Rudman, Rudman & Carter, Bangor, Me., and Lewis, Roca, Beauchamp & Linton, Phoenix, Ariz., on application for petitioner.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a request for a certificate of probable cause for appeal from an order of the District Court for the District of Maine dismissing an application for a writ of habeas corpus for lack of jurisdiction. A somewhat detailed recitation of facts is called for.

In September 1959, when petitioner was 21 years old, he stole six posters from the Bar Harbor, Maine, terminal of the Canadian National Railway's Nova Scotia ferry. He was apprehended and jailed for want of bail. Thereafter he waived indictment. The waiver which he executed recited that he was charged with "[l]arceny of goods having a value in excess of One hundred dollars." On the same day he pleaded guilty to an information in which the posters were assigned individual values, totalling an "aggregate value of one hundred and fifty dollars." Between the date of his apprehension and the date of his plea, a period of some ten days, petitioner was continuously in jail. According to affidavits accompanying the present application the following events occurred.

Petitioner employed an attorney, who in turn made contact with petitioner's father. Upon his arrival the father essentially discharged the attorney and conducted lengthy negotiations with the district attorney in the absence of counsel. The father brought with him funds sufficient to bail petitioner, but did not bail him. He informed the district attorney that he was worried about petitioner and thought that he should be treated in a mental institution; that he did not want the petitioner to know that this was the father's proposal, and that he did not want petitioner fined, but thought it best that he receive a suspended sentence and probation, as a result of which, if petitioner was released forthwith, he could return to his home in Illinois for treatment, but be under the custody of the court. After some difficulty the petitioner's father and the district attorney persuaded petitioner to plead guilty, the father informing petitioner that everything would be all right, and that he was only pleading to a "misdemeanor type" offense. Thereafter petitioner pleaded guilty, as aforesaid. He received a two-year suspended sentence, and in 1961 was discharged from the terms of his probation.

Petitioner is presently a resident of California. In 1967 he was indicted in the United States District Court in California for transporting firearms in interstate commerce having been previously "convicted of a crime punishable by imprisonment for a term exceeding one year." 15 U.S.C. § 902(e). The prior conviction relied upon is that just described. Investigation by petitioner's counsel revealed the foregoing facts, and revealed, further, that the Canadian National Railway had paid a small sum for the posters in question, $2.25 apiece for five and some $15 for the sixth, from which it could fairly be said that by no possibility was the stolen property of a value in excess of $100. Accordingly, the larceny to which petitioner had pleaded should not have been so de-

scribed, and petitioner was not in fact guilty of an offense within the ambit of section 902(e).[1]

■ On this basis petitioner sought postconviction relief in the State of Maine. The Maine Supreme Judicial Court dismissed for lack of jurisdiction, holding that the only relief open in that state is under its habeas corpus statute; that habeas corpus is not available when the petitioner is no longer in custody, and that no greater rights attached to the petitioner, so far as the Maine courts were concerned, by virtue of the California proceedings. The present application was then filed in the district court, and dismissed for want of jurisdiction. The district court having declined to issue a certificate of probable cause for appeal, our sole present question is whether that declination was proper.

Petitioner's difficulty is his inability to demonstrate the "custody" required by 28 U.S.C. § 2241(c) before the writ of habeas corpus can issue, a problem pointed up by his failure to name a respondent against whom the writ is to issue. We do not have merely the situation which moved a minority of the Court in Parker v. Ellis, 1960, 362 U.S. 574, 577 and 595, 80 S.Ct. 909, 4 L.Ed.2d 963 (dissenting opinions), where custody terminated during the pendency of the action, see, also, Thomas v. Cunningham, 4 Cir., 1964, 335 F.2d 67; here there was no custody—at least so far as Maine was concerned—when the application was filed. Apparently petitioner believes that he is contesting a state interest in the light of the fact that he seeks a certificate of probable cause under 28 U.S.C. § 2253. Yet the absence of any respondent has the serious legal consequence that there was no controversy, and the serious practical effect that there was no one to contest.

■ Petitioner also asserts the custody of the United States in connection with the proceedings pending against him in California.[2] Assuming that this be sufficient custody, but cf. Allen v. United States, 1 Cir., 1965, 349 F.2d 362, jurisdiction would not lie in the District of Maine. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. While we suggest no opinion on the question, even if, as petitioner asserts, there should be nowhere that he may now seek a writ of habeas corpus, it does not necessarily follow that he is remediless so far as defending against the California indictment is concerned. Cf. Burgett v. State of Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. We, of course, express no views as to the applicability of Burgett, or whether on the facts alleged petitioner was unconstitutionally convicted.

Certificate denied.

PER CURIAM.

On May 20 the Supreme Court overruled Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, in Carafas v. LaVallee, 5/20/68, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, and decided Peyton v. Rowe, 5/20/68, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426. We have reviewed these decisions and see no reason to alter ours.

1. Conviction for larceny of goods whose value is less than $100 carries a maximum term of six months. Me.Rev.Stat. Ann. tit. 17, § 2101.

2. Petitioner urges that he is in a unique position under the statute as his federal custody by virtue of the indictment against him arguably places him " 'in custody pursuant to the judgment of the state court' [28 U.S.C. § 2254] since the federal indictment is based upon a 1959 Maine conviction." We do not believe that this novel suggestion as to the meaning of "pursuant to" advances his case.