**Arthur N. STEWART**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Dec. 8, 1969.

Strout, Adams & Payson, by Joseph B. Pellicani, Rockland, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendant.

Before WEBBER, MARDEN, DU-FRESNE and WEATHERBEE, JJ.

DUFRESNE, Justice.

This was a petition for post-conviction relief. After hearing, the single Justice below found, ruled and concluded that the petitioner has suffered no violation whatsoever of his rights and accordingly dismissed the petition for the writ of habeas corpus. The appeal raises only one issue, whether the petitioner's present sentence to serve not less than 4 nor more than 8 years in the Maine State Prison upon his conviction of the charge of uttering a forged check is unlawful and his imprisonment thereunder illegal because the presiding justice at the time of sentencing took into consideration petitioner's 1954 conviction of

the offense of breaking, entering and larceny in the nighttime and his sentence thereunder to the Maine State Prison for a term of not less than 7½ and not more than 15 years, which previous conviction and sentence the single Justice found to have been obtained and imposed in violation of petitioner's constitutional rights.

The State raises preliminary objections which it considers fatal to any appellate relief. Initially, it contends that the 1954 conviction was not before the lower court and cannot be considered on appeal, for the reason that the evidence of the same, admitted de bene over objection, was later stricken from the record. It is true that the single Justice when ruling upon the "de bene" evidence spoke in terms of striking the same, but upon a close analysis of his colloquy with counsel it clearly appears that he was merely limiting the purpose for which he would consider the evidence. He made it plain that such evidence was inadmissible to support an "enhancement of sentence" under the "habitual criminal" statute such as confronted this Court in Green v. State, 1968, Me., 237 A.2d 409, but was admissible, and he so considered it, within the principles enunciated in the other case of Green v. State, 1968, Me., 247 A.2d 117. In other words, the single Justice examined the evidence for its impact, in the light of constitutional or due process requirements, upon the sentencing judge's exercise of judicial discretion in passing sentence under all the information which he considered in arriving at his final judgment. In this, the State has no legitimate cause for complaint.

The State further contends that our holdings in Thoresen v. State, 1968, Me., 239 A.2d 654 and in Longway v. State, 1965, 161 Me. 430, 213 A.2d 519, sustain its claim that the petitioner could not attack his 1954 conviction in the instant habeas corpus proceeding. It is true that at the time of his 1965 sentence on the charge of uttering a forged check the petitioner had been completely discharged from the 1954 sentence which he had fully satisfied. However, unlike the situation in *Longway,* petitioner in the instant proceedings directs his attack against the sentence which he is now serving, asserting that it is tainted with illegality because the presiding justice considered the illegal 1954 conviction in imposing sentence. Similarly, *Thoresen* does not apply, since in that case there was no presently existing restraint in Maine which our post-conviction habeas corpus statute requires as a prerequisite to relief.

However, even in the face of a finding by the lower court that his 1954 conviction and sentence were illegal for deprivation of petitioner's constitutional rights, the single Justice's conclusion that petitioner's current sentence was free from any taint of constitutional deficiency must be sustained on the basis of our ruling in Green v. State, 1968, Me., 247 A.2d 117. As in *Green,* Stewart was not given the maximum penalty which the applicable statute sanctions. See, 17 M.R.S.A. § 1501. Stewart's criminal record, considered by the sentencing judge at the time of the current sentence, to all concerned, was a true record, including that of his 1954 voidable sentence which was then in full force and effect. As pre-sentence information, the 1965 court took into consideration, as appears from the record, not only Stewart's 1954 conviction, but in addition thereto other criminal convictions for which the petitioner had served time at the State Reformatory for Men and at the Maine State Prison. Stewart was convicted of forgery in 1948 and sentenced to a term of not less than 1 nor more than 2 years in Maine State Prison and in 1950 he was convicted of the charge of larceny of an automobile for which he received a sentence of not less than 2½ nor more than 5 years in Maine State Prison. These convictions the petitioner in no way attacks. His past criminal activity, aside from his

**666**

1954 conviction, was of such serious nature as to justify in the mind of the sentencing judge petitioner's current sentence of not less than 4 nor more than 8 years.

The petitioner has the burden of proof by the fair preponderance of the evidence to show that the sentence procedure at trial was so impregnated with fundamental unfairness that his current sentence, even though within permissible limits, would be in violation of due process. See, Bennett v. State, 1965, 161 Me. 489, 214 A.2d 667; Green v. State, 1968, Me., 247 A.2d 117 at page 121. In this, the petitioner has failed and the conclusion of the single Justice that Stewart has suffered no violation of his rights was correct.

As stated in *Green,* supra, at page 120:

"But due process does not require surrounding the sentence procedure with the same constitutional and evidentiary safeguards attached to any hearing where determination of guilt is involved. Our practice whereby the judge, prior to sentence and in open court, gives to the defendant or his counsel, or both, opportunity to be heard, making inquiry as to any past criminal activity of the defendant so as to obtain an accurate background for proper formulation of sentence, and receiving arguments tending to influence his judicial discretion in passing judgment within statutory limits, complies fully with constitutional requirements."

The entry will be

Appeal denied.

WILLIAMSON, C. J., did not sit.

TAPLEY, J., sat at argument, but retired before the opinion was adopted.