**Gerald STAPLES**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 16, 1971.

Alan C. Pease, Wiscasset, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for the State.

Before WEBBER, WEATHERBEE, and POMEROY, JJ.

WEATHERBEE, Justice.

Petitioner is presently confined in the Nevada State Prison as a result of his fel-ony conviction in that state. He would, under Nevada law, be eligible for parole if it were not for the fact that he had two prior felony convictions in Maine which, with the Nevada conviction and one other, place him in a less favorable parole status. These two convictions occurred in the Superior Court of Lincoln County, Maine in 1959 when Petitioner pleaded guilty to two informations, each charging him with breaking, entering and larceny in the nighttime. He received sentences of five to ten years, to run concurrently, and he has been discharged from both.

The pending petition is entitled Writ of Error Coram Nobis. Petitioner demonstrated his indigency and Maine counsel was appointed to represent him. The petition alleges that the two Maine convictions were obtained through a deprivation of Petitioner's constitutional rights in that, he alleges, his pleas of guilty were not voluntarily or understandingly made and that although he was indigent he was not offered counsel for his defense.

The State moved to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted in that Petitioner is not under any physical restraint or technical hold in the State of Maine.

The Justice in the Superior Court treated the matter as a petition for statutory post-conviction habeas corpus relief under 14 M.R.S.A. §§ 5502 to 5508, inclusive. He concluded that our post-conviction procedure is not available for collateral attacks upon convictions which do not furnish the basis for present physical or technical restraints of a Petitioner within this state. He dismissed the petition as frivolous and as failing to state a claim upon which relief can be granted. Appointed counsel has presented Petitioner's appeal before us.

The Petitioner argues—correctly—that the single issue presented by Petitioner's appeal is whether 14 M.R.S.A. §§ 5502 to 5508, inclusive, precludes Maine Courts from hearing a request for post-conviction

relief except when the petitioner is under some form of restraint, actual or technical, under Maine Law.

The Petitioner urges us to overrule Thoresen v. State. In Thoresen (Me., 239 A. 2d 654 (1968)) the Petitioner had been discharged from all restraint by this State as a result of his felony conviction here. When charged in another state with violation of a federal statute applicable only to persons who had been convicted of felonies, he resorted to our post-conviction habeas corpus statute in an attempt to have his Maine felony conviction declared invalid. We noted then that our post-conviction habeas corpus statute was intended by the Legislature to be the sole and exclusive method of collateral attack on the legality of a conviction and statute, comprehending and taking the place of "all other common law remedies which have heretofore been available for challenging the validity of a conviction and sentence and shall be used exclusively in lieu thereof." 14 M.R.S.A. § 5502.

We held then that our statutory post-conviction action is available only where there is "either a presently existing actual or physical restraint or a technical hold or restraint which under appropriate circumstances (as for example by violation of probation or parole or non-payment of fine) could be converted to a physical restraint".

It appears to us that the language of the statute compels such a construction. Section 5502 authorizes the use of the statutory writ by "[a]ny person convicted of a crime and incarcerated thereunder including any person committed as a juvenile offender, or released on probation or paroled from a sentence thereof, or fined * * *."

After this Court had upheld the dismissal of his state petition, Thoresen applied for the writ in the federal courts. The Judge of the District Court, District of Maine, dismissed his application for lack of jurisdiction. The Circuit Court of Appeals denied him a certificate of probable cause because of Thoresen's inability to demonstrate that he was in Maine custody. The Circuit Court found that the custody of the United States in connection with its California action—even assuming its sufficiency as a basis for a petition in that District—gave no jurisdiction to the Court in the District of Maine. In the Matter of Thoresen (1st Cir., 1968), 395 F.2d 466. The United States Supreme Court denied certiorari. 393 U.S. 854, 89 S.Ct. 108, 21 L.Ed.2d 124 (1968).

The decision of that Court in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) strengthens our belief that the language of our statute compels the holding which we took in Thoresen that custody is essential to jurisdiction. In *Carafas,* Petitioner applied to the United States District Court for the writ of habeas corpus while he was in custody. He completed his sentence and was discharged during appellate review. It had previously been held (Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960)) that Petitioner's case became moot upon his discharge before the error complained of could be adjudicated by the appellate court. While the Court in *Carafas* discussed the disabilities which follow Petitioner's conviction of crime and denied that the issue of validity of his conviction became moot upon his discharge, the decision appears to us to have turned on the question of jurisdiction. The opinion makes clear that the federal habeas corpus statute requires that the Petitioner must be "in custody" when the application for the writ is filed—a requirement of the statute the Court said was fundamental in the history of the Great Writ. 28 U.S.C.A. § 2241(c).

The Legislature in providing a comprehensive procedure for collateral attacks on convictions has seen fit to limit the court's jurisdiction to use by persons who are still under restraint by this state. This is a matter of legislative policy and no doubt results from the legislature's judgment that a contrary rule might well overwhelm the courts with stale and frivolous claims the

very antiquity of which would defy proper determination.

We decline to overrule *Thoresen.*

Appeal dismissed.

DUFRESNE, C. J., did not sit.

MARDEN, J., sat at argument but retired before this opinion was adopted.