STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-00-139
NM - KEN - 8/10/2001

MATTHEW MORSE,

      Petitioner

v.

STATE OF MAINE,

      Respondent

ORDER ON PETITION FOR
POST-CONVICTION REVIEW

Hearing on grounds one and two of the petition for post-conviction review was held on 8/7/01. Ground three of the petition was withdrawn by the petitioner. Ground four of the petition was dismissed after argument.

In grounds one and two of the petition, the petitioner alleges a denial of due process and obvious error at sentencing. See Stewart v. State, 259 A.2d 664, 666 (Me. 1969) ("The petitioner has the burden of proof by the fair preponderance of the evidence to show that the sentence procedure at trial was so impregnated with fundamental unfairness that his current sentence, even though within permissible limits, would be in violation of due process.")

The petitioner was represented in the underlying case by attorney Walter McKee. The petitioner pleaded guilty to two counts of Gross Sexual Assault and two counts of Unlawful Sexual Contact. There was a cap plea agreement. The State recommended the following: on one count of Gross Sexual Assault, 20 years all but

1

6 years suspended and a period of probation; on the second count of Gross Sexual Assault, 15 years, all suspended, and six years of probation, consecutive to the first sentence The petitioner was entitled to argue for less and argued for a significantly lesser sentence of 4 years with all but 60 days suspended and a period of probation.

Attorney McKee made a lengthy argument with regard to sentence. He believed that he had sufficient time at hearing to make his argument. He felt no pressure during the sentencing hearing.

Although Attorney McKee thought that there were many mitigating factors in this case, he testified that, unfortunately, the presiding justice was not swayed. The justice imposed a sentence of eight years with all but four years suspended, and six years of probation on the Gross Sexual Assault counts and two years with all but fifteen months suspended and four years of probation on the Unlawful Sexual Contact counts. All sentences were to be served concurrently. See Sentencing Transcript at 38-39.

The petitioner had never been through a sentencing hearing before. He thought that his numerous character witnesses would suffice to show that he was a good person. He and his attorney discussed having the witnesses come to the hearing but determined that the witness statements would be sufficient. The petitioner thought the statements would be read out loud during the hearing. He agreed that he was not sure how the proceedings would take place.

The petitioner thought the sentencing hearing was over quickly and that the judge did not give him the time in court that he should have had. The petitioner

based this conclusion on the following statement by the justice at the close of the hearing:

> I am somewhat anxious to leave the courtroom because I am running over by ten minutes Justice Alexander's ceremony and swearing in of new counsel, so what I'm going to do is ask Mr. Morse to remain behind. . . Mr. Morse, you need to remain behind because you need to endorse some paperwork I'll be signing shortly.

Id. at 42. The justice signed the judgment and commitment papers in chambers. Essentially, the petitioner disagrees with the sentence imposed, especially compared to other defendants' sentences he has heard about.

Attorney McKee agreed that it was not uncommon for a judge to sign the judgment and commitment papers in chambers if something else was going on in the courtroom. Attorney McKee testified that in the abstract, the presiding justice's comment regarding "ten minutes" was unusual but in the context of this case, it was not unusual.

The transcript of the sentencing hearing reflects that the presiding justice stated on the record that he had read the sentencing memoranda and the appendix submitted by the defendant. See id. at 2. The justice stated that he spent a good part of the previous afternoon reading the material and stated that it was fresh in his mind. See id. In fact, the justice discussed aspects of the defendant's sentencing memorandum. See id. at 4. He also read the State's material. See id. at 5; see also id. at 12, 17, 20.

The presiding justice gave the defendant an opportunity to address the court. See id. at 30. The defendant had written a statement but was unable to read it. After

3

giving the statement to the Assistant District Attorney to read, the justice read the defendant's statement and then asked the defendant if there was anything else he would like to say; the defendant replied no. See id. at 30-31. The justice also asked Attorney McKee if he had anything to add and Mr. McKee replied that he did not. See id at 31.

In imposing the sentence, the justice indicated his reliance on the sentencing memoranda as well as the presentation at the sentencing hearing. See id. at 32. The justice articulated a Hewey analysis and the conditions of probation, informed Mr. Morse of his right to appeal the sentence, and instructed the defendant regarding his duty to register as a sex offender. See id. at 32-41. The justice then discussed with the defendant why the court did not impose the sentence requested by the defendant's attorney and offered some words of encouragement to the defendant regarding the experience in the Department of Corrections. See id. at 41-42. The justice then discussed his leaving the bench, as quoted above.

The petitioner has failed to prove that the sentencing proceeding was fundamentally unfair. See Stewart, 259 A.2d at 666. The presiding justice had read everything given to him prior to the sentencing hearing. Both attorneys and the defendant were heard at the hearing. The justice inquired several times whether anyone had anything further to say. There is nothing on this record to indicate that the sentencing proceeding was hurried in any way. The fact that the judge chose to sign the judgment and commitment documents in chambers to allow another judge to use the courtroom does not, on this record, suggest any unfairness. See id.; see

4

also <u>Green v. State</u>, 247 A.2d 117, 120 (Me. 1968) (due process requirements of sentencing procedure).

The entry is

The Petition for Post-Conviction is DENIED.

Dated: August 10, 2001

Nancy Mills
Justice, Superior Court

<u>Morse v. State</u>
CR-00-139

MATTHEW MORSE                                      SUPERIOR COURT
   vs                                              KENNEBEC, ss.
STATE OF MAINE       ,        .                    Docket No  AUGSC-CR-2000-00139

                                      **DOCKET RECORD**

PL. DOB: 11/20/1971
PL. ATTY: JEFFREY TOWNE                   State's Attorney: DAVID CROOK
         APPOINTED 05/18/2000

**Charge(s)**

**Docket Events:**

05/12/2000 POST CONVIC. REVIEW - REVIEW SENT FOR REVIEW ON 05/12/2000

           CR-99-028 PETITION, MOTION FOR APPOINTMENT OF COUNSEL AND FINANCIAL CERTIFICATE, FILED.
           CASE FORWARDED TO JUSTICE STUDSTRUP FOR REVIEW.
05/17/2000 POST CONVIC. REVIEW - ASSIGNMENT ASSIGNED TO DOCKET ON 05/15/2000

05/17/2000 POST CONVIC. REVIEW - ORDER TO RESPOND TO PETITION SENT ON 05/17/2000

           COPY OF POST CONVICTION ORDER ISSUED TO DA'S OFFICE.
05/17/2000 POST CONVIC. REVIEW - REVIEW REVIEW BY JUSTICE ON 05/15/2000

           REVIEWED BY J. STUDSTRUP AND ASSIGNED TO REGULAR DOCKET.
06/27/2000 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 06/26/2000

           PETITIONER'S NOTICE OF AMENDED PETITION.
06/27/2000 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 06/27/2000

07/05/2000 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 06/30/2000

           COPY TO PARTIES/COUNSEL                                 TIME EXTENDED
           UNTIL JULY 28, 2000, WHICH IS 20 DAYS AFTER      STATE'S ATTORNEY RETURNS FROM
           VACATION.
07/05/2000 ATTORNEY - APPOINTED ORDERED ON 05/18/2000

           Attorney:  JEFFREY TOWNE
           ATTORNEY FOR PARTY 001 PLAINTIFF
07/14/2000 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 07/13/2000

           RESPONDENT'S ANSWER TO THE PETITION FOR POST CONVICTION REVIEW DATED      MAY 10, 2000.
07/14/2000 MOTION - MOTION TO DISMISS FILED BY STATE ON 07/13/2000

           THE PETITION FOR POST-CONVICTION REVIEW
08/14/2000 OTHER FILING - TRANSCRIPT ORDER FILED ON 07/10/2000

           COPY TO COURT REPORTER
09/27/2000 OTHER FILING - TRANSCRIPT FILED ON 09/27/2000

           TRANSCRIPT OF RULE 11 HEARING FROM 2/10/99.
10/13/2000 POST CONVIC. REVIEW - NOTICE TO REQ/DISPENSE CONF. SENT ON 10/13/2000

10/16/2000 POST CONVIC. REVIEW - PCR CONFERENCE REQUEST FILED BY STATE ON 10/16/2000

P. RUCHA, ADA

10/16/2000 OTHER FILING - OTHER DOCUMENT FILED ON 10/16/2000

PETITIONER'S HEARING MEMORANDUM WITH REQUEST FOR JUDICIAL NOTICE OF COURT RECORDS.  S/J.
TOWNE, ESQ.

10/16/2000 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/16/2000

PETITIONER'S MOTION FOR DISCOVERY.  S/J. TOWNE, ESQ.

10/17/2000 POST CONVIC. REVIEW - PCR CONFERENCE REQUEST FILED BY PETITIONER ON 10/17/2000

02/21/2001 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 03/14/2001 @ 8:30

02/21/2001 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 02/21/2001

03/19/2001 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 03/14/2001
           DONALD H MARDEN , JUSTICE
           Attorney:  JEFFREY TOWNE

           DA:  PAUL RUCHA

03/19/2001 OTHER FILING - ORDER FILED ON 03/15/2001

PRE-HEARING ORDER RESULTING FROM CONFERENCE FILED.  COPIES TO COUNSEL.

04/12/2001 OTHER FILING - OTHER DOCUMENT FILED ON 04/12/2001

04/24/2001 BRIEF - STATES BRIEF FILED ON 04/23/2001

PRE-TRIAL HEARING BRIEF.

08/01/2001 WRIT - HABEAS CORPUS TO TESTIFY ORDERED ON 07/26/2001

08/01/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 07/27/2001
           S KIRK STUDSTRUP , JUSTICE
           CERTIFIED COPY TO SHERIFF DEPT.

08/10/2001 POST CONVIC. REVIEW - EVIDENTIARY HEARING SCHEDULED FOR 08/07/2001 @ 8:30

08/10/2001 POST CONVIC. REVIEW - EVIDENTIARY HEARING HELD ON 08/07/2001 @ 8:30
           NANCY  MILLS , JUSTICE
           Attorney:  JEFFREY TOWNE

           DA:  MICHAEL WELCH        Reporter: JANETTE COOK
           Defendant Present in Court

08/10/2001 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 08/07/2001
           NANCY  MILLS , JUSTICE

08/10/2001 FINDING - DENIED ENTERED BY COURT ON 08/10/2001
           NANCY  MILLS , JUSTICE
           ORDER ISSUED.  COPIES TO COUNSEL.

A TRUE COPY
ATTEST: _____
                    Clerk