J-S38042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
DAVID HUERTAS   :
  :
Appellant   :   No. 633 EDA 2023

Appeal from the PCRA Order Entered February 3, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001251-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:      **FILED OCTOBER 19, 2023**

David Huertas (Huertas) appeals *pro se* from an order entered in the

Court of Common Pleas of Lehigh County (PCRA court) denying his petition

filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546, as untimely. In his petition, Huertas argued that trial counsel rendered

ineffective assistance for failing to investigate and call his proposed witnesses

without explanation. We affirm.

**I.**

We limit our discussion of the facts to those relevant to our disposition.

On December 3, 2015, a jury convicted Huertas of rape of a child, two counts

of involuntary deviate sexual intercourse with a person less than 16 years of

_____

[*] Retired Senior Judge assigned to the Superior Court.

age, involuntary deviate sexual intercourse with a child, aggravated indecent assault of person less than 16 years of age, two counts of corruption of minors, and indecent assault of a person less than 16 years of age.[1] The court ordered a pre-sentence investigation and assessment by the Sexual Offender Assessment Board.

On April 29, 2016, following a hearing, the trial court classified him as a sexually violent predator based on the clear and convincing evidence presented and sentenced Huertas to an aggregate term of 60 to 140 years' imprisonment. Huertas filed post-sentence motions, which the court denied. On September 19, 2017, this Court affirmed Huertas' judgment of sentence. (**See Commonwealth v. Huertas**, 178 A.3d 169 (Pa. Super. filed Sep. 19, 2017) (unpublished memorandum)). Huertas did not seek further review and his judgment of sentence became final on October 19, 2017, when the 30-day period for seeking such review expired. **See** 42 Pa.C.S.A. § 9545(b)(3).

On September 10, 2018, Huertas filed a timely first *pro se* PCRA petition in which he alleged several claims of trial counsel's ineffectiveness, including for his failure to object to the Commonwealth's expert witness's testimony about statements made to her by one of the child victims and his "failure to investigate or present witnesses of character witnesses/evidence." (*Pro se*

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(a)(7), 3123(b), 3125(a)(8), 6301(a)(1)(ii), 3126(a)(8), respectively.

PCRA Petition, 9/10/18, at 7 ¶ 14); (**see id.** at 7(e)).[2]  Appointed counsel filed an amended petition alleging trial counsel rendered ineffective assistance because he failed to object to the testimony of the Commonwealth's expert witness or to properly cross-examine her.  (**See** Amended PCRA Petition, 12/18/18, at ¶ 15).

At the evidentiary hearing, appointed PCRA counsel stated that he explained to Huertas that he only raised the claim regarding the expert witness because he believed Huertas' other claims lacked legal merit and would be unsuccessful.  (**See** N.T. PCRA Hearing, 1/23/19, at 3-4).  The following exchange then occurred between the court and Huertas:

> THE COURT: Okay. Mr. Huertas, did you understand what your lawyer was telling me, that he has condensed all the various issues down to what he believes has legal merit?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right.  And are you in agreement with that tactic?
>
> THE DEFENDANT: Yes.

(**Id.** at 4).  Thereafter, PCRA counsel thoroughly examined trial counsel about the alleged issues surrounding the expert witness.  After consideration of this

---

[2] Huertas also claimed that trial counsel was ineffective for failing: to consult with him, to secure expert services, to present a meaningful defense, to object, to preserve issues for appellate review or to challenge jury venire.  He alleged prosecutorial misconduct in presenting perjured testimony and challenged the discretionary aspects of his sentence.  (**See** Pro se PCRA Petition, 9/10/18, at 7 ¶ 14, 7(d)-(f)).

testimony as well as the record and counsel's arguments, the PCRA court denied Huertas' petition. Huertas appealed and on January 24, 2020, this Court affirmed the order denying his PCRA petition. The Pennsylvania Supreme Court denied further review on August 4, 2020. (**See Commonwealth v. Huertas**, 226 A.3d 652 (Pa. Super. filed Jan. 24, 2020) (unpublished memorandum), *appeal denied*, 237 A.2d 411 (Pa. 2020)).

On November 21, 2022, Huertas filed his second *pro se* PCRA petition, alleging that trial counsel was ineffective because of, among other reasons, his failure to subpoena the witnesses Huertas had supplied to him, present their statements to the court or present an expert witness on his behalf. (**See** *Pro se* PCRA Petition, 11/21/22, at 2 ¶¶ 5, 6).[3] The PCRA court issued notice

---

[3] He also alleged:

1.) Counsel failed to file [a] suppression motion.
2.) Counsel failed to advise defendant on his rule 600 Rights.
3.) Counsel failed to file [an] alibi motion upon request of petitioner.
4.) Counsel failed to conduct an investigation, had Defendant known that counsel abandonded [sic] him early on defendant would have asked counsel to remove himself from representation of defendant.

* * *

7.) Counsel never objected to the taint of the courts [sic] refusal to allow an [available] witness to take the stand, witness was placed under duress. Courts threatened to purge witness if she testified.
8.) Counsel failed to file a motion for a private [investigator].
9.) Counsel failed to object to selection of jury.

*(Footnote Continued Next Page)*

of its intent to dismiss the petition as untimely on December 13, 2022.  **See**

Pa.R.Crim.P. 907(1).  On February 3, 2023, it formally dismissed the petition

and Huertas timely appealed.[4]

_____

10.) Counsel failed to object to the use of comparing petitioners [sic] case to a movie.

11.) Counsel failed to object to improper comments made by District Attorney about petitioners [sic] medical issues.  (District Attorney is not a Doctor).

Trial Counsel failed to conduct an adequit [sic] [E]thical defense, therefore counsel was ineffective of assistance of counsel.  Counsel colluded with the District Attorney by not objecting to a tainted prosecution, Prosecution pressured witness not to testify by threatening to arrest witness if she did so.

\*    \*    \*

12. Counsel failed to object to prosecution placing witness under duress, therefore counsel's abandonment prejudiced the defendant of a fair trial as a right.  Counsel's decision to not put witness on the stand prejudiced defendant and deprived Defendant of a fair trial.  Witnesses testimoney [sic] would have tilted the scale for a different outcome of trial.

(*Pro se* PCRA Petition, 11/21/22, at 2, 4) (unnecessary capitalization omitted).

[4] On April 19, 2023, this Court issued a Rule to Show Cause why the appeal should not be quashed as untimely because it was docketed two days after the appeal period tolled.  Huertas filed a timely response on April 25, 2023, wherein he attached copies of three cash slips from legal mail that he had sent on different dates.  To the extent they are ambiguous or unclear regarding the date that the instant notice of appeal was delivered to prison authorities, we decline to quash the appeal based on the likelihood that the notice of appeal was delivered to prison authorities within the 30-day appeal period, since it was filed only two days after the appeal period tolled.  **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (declining to quash appeal as untimely when the notice of appeal was filed three days after the deadline by a *pro se*, incarcerated appellant, even though
*(Footnote Continued Next Page)*

On appeal, Huertas' statement of the questions involved asserts:

Did the PCRA Court err[] in dismissing Appellant['s] PCRA petition without him being heard, and was counsel ineffective, where Appellant's counsel never advised or communicated with Petitioner as to what he was submitting to the courts or made Petitioner aware if his running time, had counsel made Petitioner aware he would have filed on his own behalf, counsel's assistance was ineffective and Petitioner believes that the outcome would have been different.

(Huertas' Brief, at 4). However, the argument section of his brief contains only an argument that counsel failed to present his proposed witnesses. (*See id.* at 4, 6-7).[5] The Commonwealth contends that the court properly dismissed Huertas' PCRA petition as untimely because no exception applies that would allow the petition to be filed over a year after his judgment of sentence became final. We agree.

## II.

Before considering the merits of Huertas' petition, we must first determine whether the petition is timely in accordance with the PCRA's jurisdictional time-bar.[6] "A PCRA petition, including a second and subsequent

---

the record lacked a postmarked envelope definitively noting the date of mailing).

[5] In the brief's table of contents, Huertas lists the 12 claims raised in his second *pro se* PCRA petition, but he abandons them in the argument section. (*See* Huertas's Brief, at i-ii, iv,4, 6-7).

[6] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *(Footnote Continued Next Page)*

petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); ***see also*** 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. ***See Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Huertas' sentence became final October 18, 2017, when the 30-day period for seeking review in the Pennsylvania Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Because he filed his petition over five years after his sentence became final, his petition is facially untimely. Consequently, Huertas has the burden to plead and prove one of the exceptions to the PCRA's timeliness requirements:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Despite the PCRA court notifying Huertas that his petition was untimely and dismissing it on that basis, Huertas does not mention that his petition was untimely or present any timeliness argument. Instead, he raises an ineffective assistance of counsel claim, with no discussion of how this meets a timeliness exception. In fact, it does not, as it is well-established that ineffective assistance of counsel claims "do not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Therefore, because Huertas has not met his burden of pleading and proving the applicability of a timeliness exception, the PCRA court did not err in dismissing his untimely petition. **See Taylor**, 65 A.3d at 468.[7]

_____

[7] Moreover, even if an ineffective assistance of counsel claim was a timeliness exception to the PCRA, Huertas would not be due any relief. First, his claim of trial counsel's ineffectiveness for failing to call Huertas' proposed witnesses is waived since, as previously noted, he raised the allegation (and several others) in his first *pro se* petition, and then expressly stated that he agreed with his PCRA counsel's tactic of not proceeding on them because they would not merit relief. (**See** N.T. PCRA Hearing, at 4); 42 Pa.C.S. § 9543(a)(3) ("To be eligible for [PCRA] relief … the petitioner must plead and prove by a preponderance of the evidence … [t]hat the allegation of error has not been previously litigated or waived.").

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/19/2023

---

Second, Huertas fails to establish a meritorious ineffective assistance of counsel claim because he does not discuss the three required prongs to be due PCRA relief on this basis. ***See Commonwealth v. Alexander***, 296 A.3d 1, 4 (Pa. Super. 2023) ("To succeed on a claim of ineffective assistance of counsel, a petitioner must plead and prove three things: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.") (citation and internal quotation marks omitted).